UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN SWITEK,

    Plaintiff,

v.

MIDLAND COUNTY, *et al.*,

    Defendants.

Case No. 21-cv-12184
Hon. Matthew F. Leitman

_____/

**ORDER (1) GRANTING PLAINTIFF'S MOTION TO DISMISS (ECF No. 10); (2) DENYING PLAINTIFF'S MOTION TO CONSOLIDATE (ECF No. 12), (3) DENYING PLAINTIFF'S MOTION FOR COURT ORDER (ECF No. 14), (4) TERMINATING PLAINTIFF'S MOTION TO DISMISS (ECF No. 20); AND (5) SUMMARILY DISMISSING CLAIMS AGAINST DEFENDANT MICHIGAN DEPARTMENT OF CORRECTIONS PAROLE BOARD**

On September 7, 2021, Plaintiff Benjamin Switek filed this action against Defendants Midland County, Isabella County, Chippewa County, and the Michigan Department of Corrections Parole Board. (*See* Compl., ECF No. 1.)  Switek alleges that the Defendants violated his constitutional rights while he was incarcerated. (*See id.*)  Now pending before the Court are several motions that Switek has filed. (*See* Mots., ECF Nos. 10, 12, 14, and 20.)  The Court will address each motion separately.

# I

## A

The Court begins with a motion to dismiss that Switek filed on October 22, 2021. (*See* Mot., ECF No. 10.) In that motion, Switek asks the Court to dismiss his claims against Isabella County because "all matters" against that county were resolved in state court. (*See id.*, PageID.76.) Based on Switek's representations in his motion, the Court **GRANTS** the motion and **DISMISSES** Isabella County from this action.

## B

Next, Switek filed a motion to consolidate this case with four other cases that were pending in this District at the time he filed his motion. (*See* Mot., ECF No. 12.) All of these cases have since been dismissed. Case Nos. 21-12448, 21-12449, and 21-12450 were habeas actions in which Switek sought relief from pending charges in Chippewa County and Midland County. Case No. 21-12447 is a civil rights action that has also been dismissed. *See Switek v. Isabella Cty. Prosecutor*, No. 21-cv-12447, 2021 U.S. Dist. LEXIS 232480, at *1 (E.D. Mich. Dec. 3, 2021).

Switek filed a copy of his motion to consolidate in each of the five cases. The courts that have ruled on the motion to date have denied it. *See* Case No. 21-12450, ECF No. 7, PageID.20 ("Because the petition was properly dismissed . . ., there are no surviving common questions of law or fact this case shares with Petitioner's other

2

cases."); Case No. 21-12447, ECF No. 6, PageID.26 ("[E]ven if Plaintiff had corrected the [filing fee] deficiency, it would be inappropriate to consolidate this civil rights case with habeas cases or closed cases."); Case No. 21-12449, ECF No. 5, PageID.12-13 (same).

The Court agrees with its sibling courts that consolidation is not appropriate at this time. It therefore **DENIES** the motion to consolidate.

## C

Switek's next motion is docketed as a "Motion for Court Order." (*See* Mot., ECF No. 14.) In its entirety, the motion states as follows:

> I motion this Honorable Court to add into evidence; [sic] every issue as a motion to compel <u>all</u> the defendants to state on the record as to why my motions have not been argued in open court on the record; therefore I'm asking for a "court order" to answer my writs of habeas corpus, etc. documents.

(*Id.*, PageID.88.)

It is not clear to the Court what relief Switek seeks in his motion. Nor is it entirely clear that the motion is even directed at this Court. Indeed, the motion identifies four different Judges and four different case numbers, and the motion references Switek's "writs of habeas corpus" which are not before the Court in this action. (*See id.*)

3

To the extent that the motion asks the Court to rule on his pending motions, the Court does so through this order.  To the extent that the motion seeks some other relief, the motion is **DENIED** without prejudice.

**D**

On January 12, 2022, Switek filed a motion to dismiss in this action. (*See* Mot., ECF No. 20.)  The motion appears to have been sent to this Court in error.  The motion includes both a state-court caption and the case number of Switek's state-court case.  And the content of the motion seems to be related to that state-court action.  The Court therefore **TERMINATES** the motion without prejudice.  If Switek did intend to file a motion to dismiss in this case, he may re-file the motion.

**E**

Finally, the Court summarily dismisses Switek's claim against the Michigan Department of Corrections Parole Board because that claim is barred by sovereign immunity.  As the United States Court of Appeals for the Sixth Circuit has explained when affirming the dismissal of a claim brought against the Parole Board:

> The Parole Board is entitled to Eleventh Amendment immunity. Unless immunity is expressly waived, a state and its agencies are immune from an action for damages and injunctive relief. *See Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 (1996); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 381 (6th Cir. 1993). The Parole Board is an entity within the MDOC, *see* Mich. Comp. Laws § 791.231a, and the MDOC is, in turn, an administrative agency within the executive branch of Michigan's government. *See* Mich.

Const. 1963, art. 5, § 2; *In re Parole of Bivings,* 242 Mich.App. 363, 619 N.W.2d 163, 167–68 (Mich. Ct. App. 2000). Accordingly, the Parole Board is immune from suit under the Eleventh Amendment.

*Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001). *See also Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 492 (6th Cir. 2004) (holding that the plaintiff's claims against the Parole Board and other state entities were barred by the Eleventh Amendment). For the reasons explained in *Fleming* and *Lee*, Switek's claim against the Parole Board is **DISMISSED**.

### III

Accordingly, for the reasons stated above:

- Switek's motion to dismiss his claims against Isabella County (ECF No. 10) is **GRANTED**;

- Switek's motion to consolidate (ECF No. 12) is **DENIED**;

- Switek's motion for a court order (ECF No. 14) is **DENIED WITHOUT PREJDUICE**;

- Switek's motion to dismiss (ECF No. 20) is **TERMINATED WITHOUT PREJUDICE**; and

- Switek's claim against the Michigan Department of Corrections Parole Board is **DISMISSED**.

**IT IS SO ORDERED.**

Dated: February 22, 2022

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 22, 2022, by electronic means and/or ordinary mail.

                                  s/Holly A. Ryan
                                  Case Manager
                                (313) 234-5126