UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN ALLEN SWITEK | Case No.: 21-12184 |
| Plaintiff, | Matthew F. Leitman |
| v. | United States District Judge |
| MIDLAND COUNTY, | Curtis Ivy, Jr. |
| CHIPPEWA COUNTY | United States Magistrate Judge |
| Defendants._____/ | |

### ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DISCOVERY (ECF No. 66); DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL (ECF No. 69)

On September 7, 2021, Plaintiff Benjamin Allen Switek filed this lawsuit against Midland County, Isabella County, Chippewa County, and the Michigan Parole Board.  (ECF No. 1, PageID.4-5).  He alleges violations of the Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution, violations of the Uniform Commercial Code, and failure to implement proper COVID protocols.  (*Id.*).  This matter was referred to the undersigned for all pretrial proceedings.  (ECF No.38).  This matter is presently before the Court on the remaining Defendants' motion to compel Plaintiff to provide more specific answers in response to Defendants' first set of interrogatories and requests for production and Plaintiff's motion to compel

1

Defendant's to respond to his first interrogatories and requests for production. (ECF No. 66; ECF No. 69).

## I. DISCUSSION

Remaining Defendants Midland County and Chippewa County served Plaintiff with interrogatories and requests for production of documents on August 16, 2022. (ECF No. 53, PageID.444). Defendants moved to compel on September 20, 2022, and in Plaintiff's October 6, 2022, response, Plaintiff argued he had responded to said interrogatories and requests. (ECF No.53; ECF No. 58, PageID.487). Defendants revealed they received Plaintiff's responses on October 19, 2022, but they argued the responses are deficient. (ECF No. 59, PageID.501, n. 1; ECF No. 66, PageID.619). The Court denied the motion to compel without prejudice because Plaintiff had responded to the requests since the filing of the motion, and the Court could not evaluate the adequacy of those responses without proper argument in briefing. (ECF No. 65, PageID.611).

Defendants now move to compel Plaintiff to provide more specific answers. (ECF No. 66). The majority of Plaintiff's responses state Plaintiff has placed documents "in [his] civil docket" or that he has already answer the questions. (*Id.* at PageID.636-649). Defendants indicate they have "received no previous responses to this Discovery requests from Plaintiff." (*Id.* at PageID.620).

2

Plaintiff argues, as before, that he has already responded and provided "Defendants sufficient knowledge and facts to ascertain the truth and response of his motion's [sic] and requests." (ECF No.68, PageID.663).

A party seeking discovery may move for an order compelling response if the respondent fails to answer interrogatories submitted under Rule 33 or produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). "The burden . . . rests with the party objecting to the motion to compel to show in what respects the discovery requests are improper." *Strategic Mktg. & Rsch. Team, Inc. v. Auto Data Sols., Inc.*, No. 2:15-CV-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) (internal citations omitted). An evasive or incomplete disclosure, answer, or response "must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Rule 33 requires that interrogatories must be answered "by the party to whom they are directed" and that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(1)-(3). Under Rule 34:

> For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

Fed. R. Civ. Pro. 34(b)(2)(B).

3

Upon review, the Court determines Plaintiff's discovery responses are invalid, non-responsive, and deficient. (*Id.* at PageID.636-649). The Court therefore **GRANTS** Defendants' Motion to Compel, and Plaintiff must fully answer and produce **within 21 days** of this Order. If Plaintiff remains non-compliant with this Order, Plaintiff is warned that the Court can issue an order to show cause as to why further sanctions, as specified in Fed. R. Civ. P. 37(b)(2), up to and including judgment by default and contempt, should not be awarded against him.

On November 28, 2022, Plaintiff filed a motion to compel Defendants to provide all answers to his first interrogatories and requests for production of documents. (ECF No. 69, PageID.703). The majority of Plaintiff's motion raises the same arguments that he raises in his response to Defendant's motion to compel, but as Plaintiff asserts that Defendants have failed to respond to his requests, the Court determines it is a motion to compel responses to his requests. Eastern District of Michigan Local Rule 37.2 requires a party to submit a verbatim recitation or copy of the discovery request at issue. As Plaintiff has not complied with Local Rule 37.2 and identified the discovery request at issue, the Court shall **DENY** Plaintiff's motion to compel without prejudice.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: December 1, 2022,
s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on December 1, 2022.

s/Kristen MacKay
Case Manager
(810) 341-7850