UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN ALLEN SWITEK

Plaintiff,

v.

MIDLAND COUNTY,
CHIPPEWA COUNTY

Defendants.

_____/

Case No. 21-12184

Matthew F. Leitman
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**REPORT AND RECOMMENDATION DENYING AS MOOT
DEFENDANTS' MOTION TO DISMISS (ECF No. 74); GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No.77).**

On September 7, 2021, Plaintiff Benjamin Allen Switek filed this lawsuit

against Midland County, Isabella County, Chippewa County, and the Michigan

Parole Board.  (ECF No. 1, PageID.4-5).[1]  He alleges violations of the Fifth, Sixth,

Eighth, Ninth, Tenth, and Fourteenth Amendments to the United States

Constitution, violations of the Uniform Commercial Code, and failure to

implement proper COVID protocols.  (*Id.*).  This matter was referred to the

undersigned for all pretrial proceedings.  (ECF No. 38).  Presently before the Court

---

[1] Plaintiff voluntarily dismissed Isabella County from this case and the Court dismissed
the Michigan Department of Corrections ("MDOC") Parole Board because that claim is barred
by sovereign immunity.  (ECF No. 28).

are Defendant Chippewa County's motion to dismiss and Defendants Midland and

Chippewa Counties' motion for summary judgment.  (ECF Nos. 74; 77).

## I.      DISCUSSION

> ### a. Defendants Midland County and Chippewa County's motion for summary judgment (ECF No. 77).

Plaintiff was incarcerated at the Chippewa County Correctional Facility

from May 30, 2019, to May 7, 2020.  (ECF No. 77, PageID.877).  During this stint,

Plaintiff received a charge for possessing a weapon as a prisoner, which appears to

be the subject of some of Plaintiff's claims.  (*Id.*).  On July 23, 2020, Plaintiff was

brought back to Chippewa County Correctional Facility on other charges.  (*Id.*).

He posted bond on July 25, 2020, and was released on July 28, 2020.  (*Id.*).

On April 5, 2021, Plaintiff was brought to the Midland County Jail on other

additional charges.  (*Id.*).  According to Defendants in their brief, Plaintiff

remained in Midland County pretrial for a little over one year as his various

criminal charges were resolved.  (*Id.* at Page.ID.887).  Pursuant to the resolution of

his criminal matters, Plaintiff is currently incarcerated in the Chippewa

Correctional Facility.  (*Id.* at PageID.878).

In his complaint, Plaintiff alleges Defendants violated his Fifth, Sixth, Eight,

Nineth, Tenth, and Fourteenth Amendment rights under the United States

Constitution.  (ECF No. 1, PageID.4).  He also alleges violations of the Uniform

Commercial Code ("UCC"), specifically §1-308 and §1-207.  (*Id.*).  The entirety of

Plaintiff's complaint is as follows:

> The County Courts and parole board, Infringed on my Constitutional
> Rights-do to not summoning my petitions for my writs of Habeas
> Courpus and conditional agreements in there timely manner.  They
> violated my 5, 6, 8, 9, 10, 14th Amendments and UCC 1-308/1-207-
> reservations of rights.  The Countys, Midland, Isabella, Chippewa,
> Parole Board violated my Liberty.  March 1st 2021, is when I got
> locked up in Midland County Municipal Corporation County Jail.
> With the holds from Isabella County and M.D.O.C. Parole-board.
> Also Midland County Municipal Corporation has 'Kept/Destroyed' a
> civil action that I have tried to send you guys on July 29th, 2021. They
> are takeing my mail, violating my due process. Also for subject matter
> jurisdiction they failed to state on the record and violation do to the
> Covid 19 pandemic/delta varian[t]. I have given no consent for this to
> be done to me.

(ECF No. 1, PageID.5).  Remaining Defendants Midland County and

Chippewa County move for summary judgment pursuant to Fed. R. Civ. P. 56.

(ECF No. 77).  Defendants argue Plaintiff has failed to prove municipal liability

for either County, his claims are barred, and he has failed to allege sufficient

factual support to support any of his claims.  (*Id.* at PageID.881).

> i.   Summary Judgment Standard

Summary judgment is mandated "after adequate time for discovery and upon

motion, against a party who fails to make a showing sufficient to establish the

existence of an element essential to the party's case, and on which that party will

bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986).  A motion for summary judgment shall be granted "if the movant shows

3

that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might

affect the outcome under governing law. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986). When evaluating a motion for summary judgment, the

Court "views the evidence, all facts, and any inferences that may be drawn from

the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc.*

*v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of

material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486

(6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing

if a party "fails to properly address another party's assertion of fact," then the court

may "consider the fact undisputed for purposes of the motion"). "Once the moving

party satisfies its burden, 'the burden shifts to the nonmoving party to set forth

specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d

446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith

Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an

affirmative showing with proper evidence in order to defeat the motion."

*Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro.

Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The

nonmovant must, however, do more than simply show that there is some

metaphysical doubt as to the material facts, there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citation omitted).  In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

That Plaintiff is *pro se* does not reduce his obligations under Rule 56.  Rather, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr*., 201 F. App'x 338, 344 (6th Cir. 2006).  In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema*, *N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co*., 382 F.3d 1312, 1315 (11th Cir. 2004)).  The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a *pro se* litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc*., 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir.

5

2001) (affirming grant of summary judgment against a *pro se* plaintiff because he

"failed to present any evidence to defeat the government's motion").

ii.  Municipal Liability Under *Monell*

"A plaintiff who sues a municipality for a constitutional violation under §

1983 must prove that the municipality's policy or custom caused the alleged

injury." *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006)

(citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91

(1978)).  In *Monell*, the Supreme Court held that municipalities are "persons"

subject to suit under § 1983.  436 U.S. at 700-01.  That said, such a claim may be

brought only when "execution of a government's policy or custom, whether made

by its lawmakers or by those whose edicts or acts may fairly be said to represent

official policy, inflicts the injury that the government as an entity is responsible

under § 1983." *Id.* at 694.

The Sixth Circuit has instructed that, to satisfy the requirements of *Monell*, a

plaintiff "must identify the policy, connect the policy to the city itself and show

that the particular injury was incurred because of the execution of that policy."

*Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993) (internal

citations and quotations omitted).  For these reasons, to succeed on a *Monell* claim,

a plaintiff must first allege that the municipality itself caused a constitutional

tort.  *Monell*, 436 U.S. 658 at 691.  "A municipality cannot be held liable solely

because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* Second, a plaintiff must show that the alleged conduct qualifies as a policy. *Monell* municipal liability may attach where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. *Monell* liability may also attach when a plaintiff alleges "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Id.* at 690-91. A plaintiff must claim that "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

Third, a plaintiff must show causation. In other words, a plaintiff must connect the policy to the particular injury alleged. "At bottom, this is a causation inquiry, requiring the plaintiff to show that it was the defendant's custom or policy that led to the complained of injury." *Powers v. Hamilton Cnty. Pub. Def. Com'n*, 501 F.3d 592, 608 (6th Cir. 2007) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993)).

Defendants argue that Plaintiff has elicited no evidence of the existence of an illegal official policy or legislative enactment, the ratification of illegal actions by an official with final decision-making authority, the existence of a policy of inadequate training or supervision, or the existence of a custom of tolerance or acquiescence of federal rights violations.

Defendants indicate that neither County has jurisdiction or control over the operation of the county jails. (*Id.* at PageID.881). Both the Chippewa County Jail and the Midland County Jail are administered by the county sheriffs, which are independent Constitutional Officers and Elected Officials. (*Id.*) (citing MICH. CONST. 1963, Art. VII, § 4). Defendants acknowledge that the County does fund the operation of the correctional facilities, but that neither has the statutory authority to direct the way the facilities are operated. (*Id.*). Plaintiff argues it is sufficient under § 1983 to merely identify conduct properly attributable to the municipality, that he has shown the municipal action was taken with the requisite degree of culpability, and demonstrated a direct causal link between the municipal action and the deprivation of his federal rights violations. (ECF No. 80, PageID.1143). Plaintiff does not cite any evidentiary or legal support for these arguments. He argues that the Counties fund the sheriff to operate the jails and the Counties can be held liable for the conditions. (*Id.* at PageID.1144).

Plaintiff's complaint contains no factual allegations at all  and  he brought forth no admissible evidence about any alleged policy, practice, or custom of the Defendants that resulted in the alleged constitutional violation related to his conditions of confinement.  Thus, the undersigned suggests Plaintiff has failed to prove that the Defendants are responsible for causing him any injury.  Thus the undersigned suggests summary judgment is appropriate because Plaintiff has not set forth specific facts showing a triable issue which could support an essential element of Plaintiff's claim.  The failure to meet the first element dooms the claim.  Even so, the undersigned will analyze the substantive aspects of Plaintiff's claims.

iii.   Plaintiff's challenges to his criminal proceedings

As far as Plaintiff seeks to challenge his criminal proceedings, civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.  Plaintiff's claims related to his criminal convictions are barred by the favorable-termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

 Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on the claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by executive

9

order, declared invalid by a state tribunal, or questioned by a federal court's

issuance of a writ of habeas corpus. *Id.* at 486-87; *Wilkinson v. Dotson*, 544 U.S.

74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior

invalidation)— no matter the relief sought (damages or equitable relief), no matter

the target of the prisoner's suit (state conduct leading to conviction or internal

prison proceedings) — if success in that action would necessarily demonstrate the

invalidity of confinement or its duration."). This holds true regardless of the relief

sought by the plaintiff. *Heck*, 512 U.S. at 487-89.

The basis for the holding in *Heck* is that "civil tort actions are not

appropriate vehicles for challenging the validity of outstanding criminal

judgments." *Heck*, 512 U.S. at 486. Plaintiff has not alleged that he has a

favorable termination in a challenge to the basis of his criminal convictions.[2] If

Plaintiff was to prevail on his claims related to the validity of his criminal

proceedings, his convictions and continued confinement would be questioned.

Consequently, such claims are barred by *Heck* and the undersigned suggests

granting summary judgment is appropriate.

iv.   Plaintiff's claims related to his mail

As to Plaintiff's claims that Midland County is taking, keeping, or

destroying his mail in violation of due process, the undersigned suggests there are

---

[2] The Court notes Plaintiff appears to have pled nolo contendere and accepted a plea deal regarding the criminal convictions. (ECF No. 77, PageID.877-78).

no material facts in dispute on the issues with Plaintiff's mail and that summary

judgment for Defendant Midland County is appropriate.

In his complaint, Plaintiff alleges Midland County is tampering with his mail

because his legal mail "keeps being rejected," and/or "has not come back to

[him]." (ECF No. 1, PageID.10). To support this belief, Plaintiff attaches several

returned envelopes to his complaint. Each of these envelops indicate they were

returned for insufficient postage—all the letters contain a notation that extra

postage was due. (*Id.* at PageID.11-14). Plaintiff's complaint alleges that Midland

County has "'Kept/Destroyed' a civil action that I have tried to send you guys on

July 29th 2021." (*Id.* at PageID.5). In his response Plaintiff alleges that Midland

County interfered with Plaintiff's mail in a way that prejudiced him, but does not

state how he has been prejudiced by the issues about his mail. (ECF No. 80,

PageID.1147).

To succeed on such a claim, a prisoner must generally allege that a prison

official's interference with his legal mail has affected the prisoner's access to the

courts. *Stanley v. Vining*, 602 F.3d 767, 770 (6th. Cir. 2010) (citing *Pilgrim v.

Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)) ("In order to state a claim for denial

of meaningful access to the courts, however, plaintiffs must plead and prove

prejudice stemming from the asserted violation."); *see also Sprinkle v. Barksdale*,

2009 WL 1956370, at *6 (W.D. Va. July 6, 2009) (dismissing access-to-courts

claim based on allegation that a prison official denied the use of a photocopier because the plaintiff did explain how this action caused any injury to his litigation efforts).  As to Plaintiff's bare assertion that Midland County "'Kept/Destroyed' a civil action[,]" this statement contains no particular allegation that Plaintiff was prejudiced, and Plaintiff has since been able to successfully file lawsuits.  (ECF No. 1, PageID.5).  The undersigned suggests that no reasonable jury could find for Plaintiff based on this bare assertion related to his civil action of July 29, 2021. Plaintiff has not alleged the issues resulting in return of the documents prejudiced him in any litigation and the undersigned suggests summary judgment is appropriate.

v.   <u>Plaintiff's Pretrial Detention</u>

Within the Sixth Circuit an excessive duration of pretrial detention can violate due process.  *United States v. Watson*, 475 F. App'x 598, 601 (6th Cir. 2012).  The Sixth Circuit evaluates four factors in determining whether pretrial detention is unconstitutionally excessive: "(1) the length of the detention; (2) the extent of the prosecution's responsibility for the delay of the trial; (3) the gravity of the charges; and (4) the strength of the evidence upon which the detention was based."  *Id.*  The Court evaluates each of these factors in turn.

Generally, "the length of pretrial detention is not dispositive, and will, by itself, rarely offend due process."  *Watson*, 475 F. App'x at 601 (citing *United*

12

*States v. El-Hage*, 213 F.3d 74, 79 (2d Cir. 2000)).  In *Watson*, the defendant had

been detained awaiting trial about one year, and the Sixth Circuit noted that

"[c]ourts have found lesser periods of detention to be a violation of due process,

but they have also found lengthier periods that were not in violation of the Fifth

Amendment."  *Id.* at 602 (internal citations removed).  Plaintiff was detained a

little over a year while awaiting trial.  (ECF No. 77, PageID.887) (Plaintiff

eventually pleaded nolo contendere or accepted a plea rather than go to trial).  The

Court must "look to the other factors in conjunction with length of detention" in

order to assess whether this twelve-month pretrial detention violated

his due process rights.  *Watson*, 475 F. App'x at 602.

Defendants argue nothing in the record suggests that the government

contributed to any delay in the proceedings nor has Plaintiff made an effort in

discovery to find evidence related to these factors.  (ECF No. 77, PageID.888).  In

his response, Plaintiff argues there is evidence the government contributed to the

proceedings but does not allege what that evidence is.  (ECF No. 80,

PageID.1148).  Plaintiff alleges he has made "strong efforts to discover all

evidence related to these factors[.]"  (*Id.*).  As to the gravity of the charges,

Plaintiff was detained pretrial on a number of felony charges: prisoner in

possession of weapon, possession of methamphetamine, unauthorized use of a

motor vehicle, and resisting and obstructing a police officer.  (ECF No. 77,

13

PageID.887) (citing MCL 800.283(4), 800.285, 333.7403(2)(b)(1), 750.535(7), and

750.81d(1)). Each of these is a felony carrying a prison term of between two and

ten years under Michigan law. Considering the around one-year term of pretrial

detention, given the serious gravity of the offenses, and the lack of evidence of

government delay, the undersigned suggests Plaintiff's pretrial detention did not

violate his due process rights.

### vi. Plaintiff's claims related to COVID-19

Prison and jail officials must "take reasonable measures to guarantee the

safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting

*Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). For pretrial detainees, the

obligation arises out of the Due Process Clause of the Fifth or Fourteenth

Amendment. *Cameron v. Bouchard*, 815 F. App'x 978, 983–84 (6th Cir. 2020)

(citing *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).

> Conditions-of-confinement claims are assessed under the "deliberate
> indifference" framework. [*Villegas*, 709 F.3d at 568]. This
> framework requires plaintiffs to meet two requirements. The first is
> "objective[ ]," and it requires the inmate to "show that he is
> incarcerated under conditions posing a substantial risk of serious
> harm." *Farmer*, 511 U.S. at 833 (citing *Helling v. McKinney*, 509
> U.S. 25, 35 (1993)). The second is "subjective," and it requires the
> inmate to "show that the official being sued subjectively perceived
> facts from which to infer substantial risk to the prisoner, that he did in
> fact draw the inference, and then disregarded that risk." *Comstock v.
> McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S.
> at 837). The official must have a subjective "state of mind more
> blameworthy than negligence," akin to criminal recklessness.

14

*Farmer*, 511 U.S. at 835, 839–40.

*Cameron v. Bouchard*, 815 F. App'x 978, 984 (6th Cir. 2020).  Defendants

concede that COVID-19 satisfies the objective prong of the deliberate indifference

framework.  (ECF No. 77, PageID.889).  An "imperfect" response to COVID-19 is

"not enough to establish deliberate indifference."  *Cameron v. Bouchard*, 815 F.

App'x 978, 986 (6th Cir. 2020).

Plaintiff's complaint contains no other factual allegations on how

Defendants allegedly violated his due process rights related to the COVID-19

pandemic, he merely states the Defendants did so.  (ECF No. 1).  In his response,

Plaintiff's only additional factual allegation is that the Midland County Sheriff

"distributed a manual and memorandums to the jail staff and inmate workers about

proper cleaning procedures intended to limit the spread within the Jail" and that

Plaintiff contracted COVID-19 despite these efforts.  (ECF No. 80, PageID.1150).

The undersigned suggests a grant of summary judgment is appropriate considering

Plaintiff's allegations do not rise to the level of deliberate indifference.

vii.  <u>Plaintiff's Claims Under the UCC</u>

The UCC "speaks only to commercial law and does not provide a proper

basis for . . . bringing a civil rights action."  *Brown v. Midland Cnty.*, No. 1:21-CV-

11701, 2021 WL 6051113, at *2 (E.D. Mich. Dec. 21, 2021) (quoting

*Brzezinski v. Smith*, No. 12-14573, 2013 WL 2397522, at *3 (E.D. Mich.

May 31, 2013)).  The undersigned recommends Defendants motion for summary

judgment be granted on Plaintiff's claims under the UCC because the UCC does

not provide a proper basis for bringing a civil rights action.

> viii.   Plaintiff's Claims under the Fourteenth Amendment and Tenth Amendment.

In his complaint, Plaintiff has a bare assertion unsupported by facts that

Defendants have violated his rights under the Fourteenth and Tenth Amendments.

(ECF No. 1, PageID.5).  Defendants argue that Plaintiff has alleged no disparate

treatment occurred.  (ECF No. 77, PageID.892).  In his reply brief, Plaintiff again

argues "he was denied equal protection of the law" and states no other allegations

on how the Defendants denied him the equal protection of the law.

The equal protection clause prohibits state actors from denying "to any person

within [their] jurisdiction the equal protection of the laws."  U.S. Const. Amend.

XIV, § 1.  This clause requires that "similarly situated individuals" be treated

similarly.  *Nicholson v. City of Westlake*, 76 F. App'x 626, 629 (6th Cir. 2003)

(citation omitted).  The "threshold element" is "disparate treatment."  *Scarbrough*

*v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006).  Plaintiff has not

factually supported his allegation of disparate treatment and the undersigned

suggests granting Defendants' motion for summary judgment is appropriate.

Under the Tenth Amendment the "powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. CONST. amend. X. Plaintiff has alleged no facts related to the Tenth Amendment and the undersigned suggests granting summary judgment is appropriate.

## I. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants' motion for summary judgment be **GRANTED** and this case be **DISMISSED.** (ECF No. 77). As the undersigned has recommended that Defendants' motion for summary judgment be granted and this case dismissed entirely, Defendants' motion to dismiss should be **DENIED AS MOOT**. (ECF No. 74).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and*

*Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 15, 2023　　　　　　　s/Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　United States Magistrate Judge

18

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 15, 2023.

s/Kristen MacKay
Case Manager
(810) 341-7850