UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN SWITEK,

    Plaintiff,

v.

                              Case No. 21-cv-12184
                              Hon. Matthew F. Leitman

MIDLAND COUNTY, *et al.*

    Defendant.
_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (ECF No. 88); (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 84); AND (3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 77)**

Plaintiff Benjamin Switek is currently incarcerated in the Bellamy Creek Correctional Facility in Ionia, Michigan. In this civil action, Switek brings claims against Midland County and Chippewa County ("the Counties"). His claims against the Counties arise out of events that allegedly occurred between 2019 and 2021, while Switek was incarcerated at Chippewa County Correctional Facility and Midland County Jail. Switek alleges, among other things, that the employees at the jail facilities tampered with his mail, obstructed his efforts to file lawsuits, and exposed him to an unreasonable risk of contracting COVID-19. According to Switek, this conduct violated the "5, 6, 7, 8, 9, 10, 14th Amendments and UCC 1-308/1-207 reservations of rights." (Compl., ECF No. 1, PageID.6.)

1

The Counties moved for summary judgment on January 27, 2023. (*See* Mot., ECF No. 77.)  On March 15, 2023, the assigned Magistrate Judge issued a Report and Recommendation in which he recommended that Defendants' motion be granted and that this case be dismissed (the "R&R"). (*See* R&R, ECF No. 84.)  In the R&R, the Magistrate Judge first determined that all of Switek's claims fail as a matter of law because he has failed to present evidence that any of the alleged violations of his rights were caused by a custom or policy of the Counties. (*See id.*, PageID.1382-1383.)  The Magistrate Judge then determined, in addition, that all of Switek's individual claims fail on the merits because he did not present sufficient evidence that any of his constitutional or statutory rights were violated. (*See id.*, PageID.1383-1391.)

Switek filed Objections to the R&R on April 13, 2023. (*See* Obj., ECF No. 88.)  For the reasons explained below, Switek's Objections (ECF No. 88) are **OVERRULED** and the recommended disposition of the R&R (ECF No. 84) is **ADOPTED**.  Defendants' Motion for Summary Judgment (ECF No. 77) is **GRANTED**.

# I

## A

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. *See* Fed.R.Civ.P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). Moreover, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Zimmerman v. Cason*, 354 Fed. Appx. 228, 230 (6th Cir. 2009).

## B

Under Federal Rule of Civil Procedure 56, a movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact." *SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 312, 326-27 (6th Cir. 2013) (quoting Fed. R. Civ. P. 56). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable

inferences in its favor." *Id.* But "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251–52.

## C

"[A] municipality may be found responsible for § 1983 violations, and held liable for damages pursuant to *Monell v. New York City Department of Social Services* [436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)], if the plaintiff demonstrates that the constitutional harm suffered was a result of the municipality's policy or custom." *Bible Believers v. Wayne Cnty., Mich.*, 805 F.3d 228, 260 (6th Cir. 2015). But "a municipality cannot be held liable under § 1983 simply because one of its employees violated the plaintiff's constitutional rights." *Smith v. City of Troy, Ohio*, 874 f.3d 938 (6th Cir. 2017). Rather, "to succeed on a municipal liability claim, a plaintiff must establish that his or her constitutional rights were violated and that a policy or custom of the municipality was the 'moving force' behind the deprivation of the plaintiff's rights." *Miller v. Sanilac Cty.*, 606 F.3d 240, 254–55 (6th Cir. 2010).

## II

The Court agrees with the assigned Magistrate Judge's finding that all of Switek's claims fail as a matter of law because he cannot show that the Counties had a custom or policy that was the "moving force" behind the alleged violations of his rights. First, Switek has not presented any evidence that the alleged violations of his constitutional rights resulted from any policy. Second, even if he had shown evidence that the alleged injuries resulted from a policy, his claims would still fail because he cannot show that any policy that caused him injuries during his confinement in the jails was promulgated and/or implemented by the Defendants. Under Michigan law, county governments do not control the operation of county jails. Instead, those jails are operated and administered by county sheriffs, who are independent constitutional actors. *See* Mich. CONST. 1963, Art. VII, § 4 (establishing the office of the county sheriff "whose duties and powers shall be provided by law"); Mich. Comp. Laws § 51.75 ("The sheriff shall have the charge and custody of the jails of his county…"). Thus, even if there was a policy or custom that caused Switek's alleged injuries, that policy or custom cannot be attributed to the municipal Defendants in this case.

Of Switek's 33 objections, the only ones that addressed the issue of whether the municipal Defendants could be liable for the alleged constitutional violations were:

> Objection No. 9: Plaintiff has proven that the municipality's policy or custom caused the alleged injury.
> Objection No. 10: Plaintiff identified the policy, connected the policy to the city, and showed the injury was incurred because of the execution of that policy.
> Objection No. 11: *Monell*, municipal liability did happen to plaintiff.
> Objection No. 12: Plaintiff showed causation.
> Objection No. 13: Plaintiff showed illegal evidence of policy, decision-making, inadequate training or supervision, rights violation.
> Objection No. 14: Count[ies] have jurisdiction and control over the operations of the county jails.

(Obj., ECF No. 88, PageID.1411-1412.)

None of these objections show any error in the Magistrate Judge's recommendation that Switek failed to establish a viable claim of municipal liability against the Defendants. For example, Switek does not offer any argument in support of Objections 9-13. Instead, he simply offers a string cite of cases without any explanation as to how they support his claim for municipal liability on the facts of this case. In support of Objection 14, he says that "the county jails are ran in the county and funded by the counties. They have jurisdiction, control and oversee of what[']s done in [their] own count[ies]." (ECF No. 87, PageID.1416.) But these unsupported assertions do not save Switek's claims. As the Magistrate Judge correctly noted in his R&R, even though the Defendants may provide the jails with funding, there is no evidence that Defendants set policy in the jails. (*See* R&R, ECF No. 84, PageID.1382.) And Switek has not cited any cases suggesting that a

6

municipality can be held liable for violations of a litigant's rights simply because the municipality provides funding for the facility where the alleged violations occurred.

## III

For the reasons explained above, Switek's Objections (ECF No. 88) are **OVERRULED**. The recommended disposition of the R&R (ECF No. 84) is **ADOPTED**, and the Counties' Motion for Summary Judgment (ECF No. 77) is **GRANTED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 18, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 18, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126